WESTERN VALVE BAG CO., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9580, 11612, 13062. Promulgated October 3, 1928.

*Herman A. Fisher, Esq.,* for the petitioner.
*James A. O'Callaghan, Esq.,* for the respondent.

## OPINION.

Love: Section 326 (a) (4) (c) of the Revenue Acts of 1918 and 1921, provides that intangible property bona fide paid in for stock or shares prior to March 3, 1917, may be included in invested capital in an amount not exceeding in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding on March 3, 1917, if such amount be lower than the actual cash value of the property at the time paid in or the par value of the stock or shares issued therefor. In the instant case, this provision operates to exclude from petitioner's invested capital an amount claimed to represent the actual cash value of the intangible property paid in and, on this ground, petitioner contends that the condition precedent to special assessment under section 327 (d) has been fulfilled.

Petitioner contends that, by reason of the fact that of the property paid in for stock, both tangible and intangible, section 326 (a) (4) (c)

of the Revenue Act of 1918, precludes the inclusion of one-half thereof in invested capital, and that by reason of that situation, particularly in view of the fact that the intangible asset was the principal revenue-producing asset, brings about an abnormal situation entitling it to special assessment.

That contention does not seem persuasive or sound. The corporation was organized in 1905 and 75 per cent of the stock issued for the intangible assets. There is nothing in the record that tends to prove the cash market value of those assets at the time they were paid in for stock. It is true that in subsequent years large profits accrued to petitioner, but a high rate of profit *per se* does not justify special assessment (section 327).

In view of the facts in this case we approve the action of the Commissioner on this issue.

The second contention of the petitioner is that the Commissioner erred in disallowing a deduction for each of the years 1918 to 1921, inclusive, claimed to represent an allowance to cover exhaustion of the contract of November 5, 1907, under which it exercises certain privileges with respect to the Bates patents. The Bates Valve Bag Co. and A. M. Bates had built up a patent situation which actually gave it a monopoly in its field and which it intended, if possible, indefinitely to maintain. The contract between petitioner and Bates Valve Bag Co. and A. M. Bates embraced as its subject matter not only privileges as to existing applications and patents but also those which might in the future become the property of the Bates Valve Bag Co. as a part of its endeavor to maintain its monopoly.

On cross-examination, Austin Cole, president of the petitioner, testified as follows:

Q. Was there any limitation or period of time during which you were granted this right under the contract with the Bates Company?
A. No, sir. The contract shows that; that it was—
Q. Indefinite?
A. It was indefinite, in that we were to profit by anything new that came out, all along the line.
Q. You mean new improvements?
A. New improvements, yes.
Q. In the patents or rights which you had then acquired?
A. Yes, sir.

For the purpose of returning to petitioner the March 1, 1913, value or cost of property if acquired subsequent to that date, if used in trade or business, at the end of its useful life, the statute permits an annual deduction for exhaustion. Before such an allowance can be made, however, the period of duration of the useful life of the property and its cost or March 1, 1913, value must be known. The evidence of record on this issue establishes the fact that there was no limitation

on the life of the contract of November 5, 1907, or of the assets acquired thereunder, and hence no basis is afforded for the computation of an allowance for exhaustion. Under this view of the case, it becomes unnecessary to determine the March 1, 1913, value of the contract on which an exhaustion allowance. was sought. We therefore conclude that the Commissioner did not err in his determination on this issue.

The third issue relates to the imposition by the Commissioner of a penalty for the year 1918 for negligence of the petitioner in understating the amount of its tax. This determination of the Commissioner casts upon the petitioner the burden of proof. Inasmuch as the record contains no evidence whatever tending to show that the petitioner used due care in stating its tax liability for the year 1918, there is no basis on which the Board can reach a conclusion that the action of the Commissioner was erroneous. His determination is therefore sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*